UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

        Plaintiff,

v.

JOSEPH GASPER,

        Defendant.

        Case No. 1:19-cv-201

        Hon. Robert J. Jonker

**ORDER TO STAY PROCEEDINGS**

In his complaint, plaintiff alleged that defendant Joseph Gasper, director of the Michigan State Police, violated his constitutional rights by enforcing certain requirements of Michigan's Sex Offender Registration Act (SORA). Compl. (ECF No. 1). Plaintiff also filed a motion for an *ex parte* temporary restraining order and a preliminary injunction (ECF No. 3).

This is plaintiff's second lawsuit filed to contest the constitutionality of SORA. Plaintiff's first lawsuit, *Spencer v. Bill Schuette et al.*, 1:18-cv-229 (W.D. Mich.), is directed against Bill Schuette (former Michigan Attorney General), Kriste Kibbey Etue (former director of the Michigan State Police), Robert Cooney (Grand Traverse County prosecuting attorney), Kenneth Smith (State Police Enforcement Coordinator for SORA), and Sara Swanson (Benzie County prosecuting attorney). *See Spencer v. Schuette* (Amend. Compl. (ECF No. 17). In the first lawsuit, plaintiff seeks an injunction to "restrain defendants from administratively changing the registration updating requirements applicable to [p]laintiff," an order "directing defendants to discontinue [p]laintiff's registration under SORA immediately," and entry of a declaratory

1

judgment "that SORA, as applied to individuals such as Plaintiff who were registered under SORA prior to enactment of Public Act 17 of 2011, is vague, ambiguous and further provides unfettered discretion to police and prosecutors to apply SORA to individuals on an arbitrary and ad hoc basis." *Id*. at PageID.65-66. As discussed, *infra*, this Court has stayed the first lawsuit until the Michigan Courts address plaintiff's constitutional challenges to SORA.

In the present lawsuit, plaintiff seeks to have SORA be declared "unconstitutional in general or as applied to him because the statute fails to provide for an exception to the Rule of Finality during future criminal prosecutions, where new penalties are sought based on an undisturbed court order to register under SORA that is, in fact, tainted by the ineffective assistance of trial and appellate counsel." Compl. (ECF No. 1, PageID.1-2). Plaintiff contends that SORA violates his rights under the Due Process Clause of the Fifth and Fourteenth Amendment and the Assistance of Counsel Clause of the Sixth Amendment. *Id*. at PageID.2. Plaintiff also includes a claim of ineffective assistance of trial and appellate counsel. *Id*. at PageID.13.

In his motion for an *ex parte* temporary restraining order and a preliminary injunction, plaintiff seeks an order to

> Enjoin Defendant from applying to Mr. Spencer the "*Felony Listed Offense*" provision of Michigan Public Act 85 of 1999, *which was deleted by the Michigan Legislature on 7/01/2011*, until the Court settles the controversy over whether the court order requires Mr. Spencer to register under SORA is tainted by ineffective assistance of counsel in violation of the Sixth and Fourteenth amendments to the federal constitution[.]

Motion for injunction at PageID.111.

Plaintiff's claims arise from his arrest "on or about December 23, 2016" when he was "charged with violating the court-order to register under SORA resulting from the 2001 guilty

2

plea proceedings." *Id*. at PageID.4-5. This is the same conviction from which plaintiff's first lawsuit arose. This Court recounted the history of plaintiff's conviction in that suit as follows:

> Ultimately, in an order entered on March 18, 2018, the Benzie County Circuit Court quashed his bindover to stand trial. [Compl.] *Id*. at PageID.52-56. While plaintiff has been litigating this federal action, the parties have been litigating appeals of his criminal case in the Michigan Court of Appeals. The appellate court identified those appeals as follows:
>
>> In Docket No. 343367, defendant, William Sim Spencer, appeals by right the circuit court's decision on his request to discontinue registration under the Sex Offenders Registration Act (SORA) in his SORA violation case. In Docket No. 343468, the prosecution appeals by leave granted the same order quashing defendant's bindover, and defendant cross-appeals, seeking the same relief as in Docket No. 343367 and requesting this Court to declare SORA unconstitutional.
>
> *People v. Spencer*, No. 343367, 2019 WL 286954 at *1 (Mich. App. Jan. 22, 2019). In an opinion entered on January 22, 2019, the Michigan Court of Appeals affirmed "the circuit court's decision to quash [Spencer's] bindover without further relief." *Id*. In reaching this determination, the appellate court stated:
>
>> In sum, we conclude that the circuit court properly quashed defendant's bindover because the law of the case provides that 1999 PA 85 governs defendant's SORA registration, but the prosecutor charged him with violating 2011 PA 17, and the evidence at the bindover was not sufficient to support a finding that defendant violated 1999 PA 85.
>>
>> On cross-appeal, defendant argues that the circuit court should have determined that he is not required to comply with SORA because 2006 PA 402 and 2011 PA 17 have nullified the definition of "listed offense" in 1999 PA 85. We reject this argument. Because only 1999 PA 85 applies to defendant, later changes to SORA do not affect his case.
>
> *Id*. at *4. Plaintiff's criminal case is not concluded, because the parties may still seek leave to appeal the case to the Michigan Supreme Court. *See* MCR 7.305(C).

*Spencer v. Schuette* (Order to Stay Proceedings) (ECF No. 78, PageID.962-963). The government has, in fact, filed an application for leave to appeal to the Michigan Supreme Court, where

3

plaintiff's state case is now pending. *See People v. William Sim Spencer*, No. 159254, (Mich.) (Application for leave to appeal) (March 11, 2019).

While plaintiff has raised different constitutional claims in the present case, both this case and *Spencer v. Schuette* arose from his December 2016 arrest, and both cases ultimately seek the same relief, i.e., a declaration that SORA is unconstitutional. Given these similarities, this case will be stayed for the same reasons as set forth in *Spencer v. Schuette*:[1]

> In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. Upon review the entire case file, the Court concludes that pursuant to *Younger*, this case should be stayed until the related state court proceedings are completed.
>
> The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *See Younger*, 401 U.S. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).
>
> The three factors that support *Younger* abstention are present in this case. First, there is an ongoing state judicial proceeding against plaintiff. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975) (a state judicial proceeding is ongoing so long as the "losing litigant has not exhausted his state appellate remedies"). Second, the state criminal proceedings involve important state interests, in this case the application of SORA. Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Finally, none of the exceptions to *Younger* abstention exist here. [FN 1]
>
> [FN 1] *Younger* does not require federal abstention when: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman*, 420 U.S. at 611; (2) "the challenged statute is flagrantly and patently violative of express

---

[1] This Court can raise *Younger* abstention *sua sponte*. *See Hill v. Snyder*, 878 F.3d 193, 206 n. 3 (6th Cir. 2017) ("That federal courts may raise abstention *sua sponte* does not alter our analysis of this issue. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976).").

4

constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (internal quotation marks omitted); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975).

*Spencer v. Schuette* (Order to Stay Proceedings) (ECF No. 78, PageID.963-964). Accordingly,

**IT IS ORDERED** that this case is **STAYED** until the state criminal case of *People v. Spencer* is resolved.

**IT IS FURTHER ORDERED** that the *ex parte* motion for a temporary restraining order and preliminary injunction is **DENIED** without prejudice. Plaintiff may renew his motion for injunctive relief after the stay is lifted.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to administratively **CLOSE** this case.

**IT IS FURTHER ORDERED** that parties shall jointly provide notice to the Court at the conclusion of the state criminal proceedings.

Dated: April 10, 2019  /s/ Ray Kent
United States Magistrate Judge