UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

       Plaintiff,

                                        CASE No. 1:19-CV-201

v.

                                        HON. ROBERT J. JONKER

JOSEPH GASPER,

       Defendant.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 25), Plaintiff's Objection to it (ECF No. 26) and Defendant's Response (ECF No. 27). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the second of two lawsuits Plaintiff has filed concerning the constitutionality of Michigan's Sex Offender Registration Act ("SORA"). The Magistrate Judge already carefully and accurately summarized both proceedings, and so the Court need only briefly set out the state of things here.

In the first action Plaintiff, proceeding *pro se*, sued former Michigan Attorney General Schuette, former MSP Director Etue, special prosecutor Cooney, MSP Trooper Smith, and Benzie County Prosecutor Swanson. *See Spencer v. Schuette*, No. 1:18-cv-229 (W.D. Mich. filed Mar. 5, 2018). The parties consented to having a Magistrate Judge preside over the matter, and accordingly Judge Maloney referred the matter to Magistrate Judge Kent. *Id.* at ECF No. 36. On September 15, 2020, Magistrate Judge Kent issued an Opinion and Order granting the defense motions for summary judgment and dismissing the case. He did so primarily on the basis that Plaintiff's claims were part of a class action lawsuit currently pending in the Eastern District of Michigan. The Magistrate Judge observed that Plaintiff was part of the Rule 23(b)(2) class and that Plaintiff could not opt out of the class and seek his own relief in a separate lawsuit. *See* Opinion & Order, *Spencer v. Schuette*, No. 1:18-cv-229 (W.D. Mich. Sept. 15, 2020). To date, no appeal of that matter has been filed.

Meanwhile, Plaintiff proceeded separately with the instant case against Defendant Gasper. In his Complaint Plaintiff seeks, among other things, an order that (1) declares SORA is facially unconstitutional because it fails to provide an exception to the finality of judgments rule, and

2

(2) enjoins Defendant Gasper from enforcing SORA. (ECF No. 1, PageID.13). On August 31, 2020, Magistrate Judge Kent issued a Report and Recommendation recommending the Court grant Defendant Gasper's motion to dismiss and terminate this case. The Magistrate Judge reasoned that dismissal is warranted for one of the same reasons the Magistrate Judge dismissed the earlier filed case that had been assigned to him, namely, because Plaintiff could not separately pursue his claims since he was a class member in the Eastern District action, *Doe v. Snyder*, 449 F. Supp. 3d 719 (E.D. Mich. 2020) ("*Doe II*").[1]

## PLAINTIFF'S OBJECTION

In his objection, Plaintiff does not dispute he is a member of the *Doe II* class. Nor could he. By his own admissions Plaintiff is a member of both the "primary class" (consisting of "all people who are or will be subject to registration under Michigan's Sex Offenders Registration Act") and the "pre-2006 ex post facto subclass" (consisting of "members of the primary class who committed their offense or offenses requiring registration before January 1, 2006, and who have committed no registrable offense since."). (ECF No. 23-3, PageID.278).

Rather, Plaintiff contends that this instant lawsuit seeks a different form of relief than the relief that is being sought in the class action. He contends that *Doe II* relates to the remedial

---

[1] The Magistrate Judge also recommends dismissal based on failure to prosecute, noting that Plaintiff failed to respond to the motion to dismiss. In his Objection Plaintiff points out that he is not an electronic filer and claims he did not receive notice of the defense motion. He states the first time he became aware of the motion was when he received a copy of the Report and Recommendation. The Court observes that in addition to the electronic filing, the defense certificate states that a copy of motion was sent "via US Mail to all non-ECF participants." (ECF No. 22, PageID.201). Presumably, then, Plaintiff was sent a copy of the motion by the defense via US mail. Nevertheless, out of an abundance of caution the Court will assume there is a sufficient basis to excuse Plaintiff's failure to respond to the motion. The Court does not rely on this portion of the Magistrate Judge's recommendation.

provisions of SORA, while this action concerns the punitive aspects of the Michigan statute. (ECF No. 26, PageID.322). Accordingly, he claims he may proceed with this action under a reservation in the Class Order which provides:

> By stipulating to this order, the plaintiffs, and the class members they represent, are not waiving any claims with respect to other causes of actions or other forms of relief which they have not pled in this action for declaratory and injunctive relief.

(ECF No. 23-3, PageID.281).

In response, the defense contends that the pending class action in the Eastern District may result in a statute that looks much different than as it currently exists, and that Rule 23(b)(2), as unpleasant as it might be for class members like Plaintiff who would prefer to litigate on their own, exists in order to ensure against inconsistent judgments. For this reason, the defense argues the Magistrate Judge got it right, and this action must be dismissed. The Court agrees.

It appears that in at least two actions, the same judicial officer presiding over the *Doe II* class action has dismissed actions from plaintiffs arguing that they seek a different, or broader, form of relief than the class. *See Doe v. Michigan*, No. 19-10364 (E.D. Mich., Sept. 16, 2019) (Cleland, J.); *Cain v. Michigan*, No. 19-10243 (E.D. Mich., June 5, 2019) (Cleland, J.). Both actions cited Rule 23(b)(2)'s standard, and the need to protect against inconsistent judgments. *See generally Walmart-Stores, Inc. v. Dukes*, 564 U.S. 338, 361 (2011). The same reasons point towards dismissal here.

Beyond that, however, the Magistrate Judge correctly observed that as a member of the ex post facto subclass, Plaintiff has already received the relief he seeks here. Namely, in that order the court stated:

4

> IT IS ORDERED that Plaintiffs' motion for declaratory and injunctive relief (ECF No. 62) is GRANTED. Michigan's SORA is DECLARED NULL AND VOID as applied to members of the ex post facto subclasses (any registrant whose offense requiring them to register, and who has not committed a subsequent offense, occurred prior to April 12, 2011). Defendants and their agents will be ENJOINED from enforcing **ANY** provision of SORA against members of the ex post facto subclasses.

*Doe II*, 449 F. Supp. 3d at 738 (emphasis added). Plaintiff fails to meaningfully explain how this fails to encompass the relief he seeks here.

Accordingly, the Court agrees that this action must be dismissed, for the very reasons delineated by the Magistrate Judge. The dismissal will be without prejudice to any relief Plaintiff receives as a member of the *Doe II* class action.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 25) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED.**

This case is **DISMISSED.**

Dated:   September 28, 2020          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE

5